**Channel Law Group, LLP**
100 Oceangate, Suite 1400
Long Beach, CA 90802

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWPATH NETWORKS, LLC, A NEW JERSEY LIMITED LIABILITY COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY OF IRVINE, CALIFORNIA, AND THE CITY COUNCIL OF THE CITY OF IRVINE, CALIFORNIA, <br><br> Defendants. | Case No. SACV08-00651 JVS (RNBx) <br><br> **ORDER OF PRELIMINARY INJUNCTION** |

The motion of Plaintiff, NEWPATH NETWORKS, LLC ("Plaintiff" or "NewPath"), for Preliminary Injunction came on for hearing before this Court on February 2, 2009, Julian K. Quattlebaum, Esq., and Charles McLurkin, Esq., appearing for Plaintiff. Defendant, City of Irvine, California and City Council of

the City of Irvine, California (collectively "City" or "Defendant") did not oppose the motion.

After consideration of the briefs and arguments of counsel, and all matters presented to the Court, and for good cause shown, the Court grants the motion, in part, on the merits and makes the following **FINDINGS:**

1. Plaintiff is likely to succeed on its claims that Defendants' actions result in the impairment of Plaintiff's state franchise on the ground that Cal. Pub. Util. Code §§ 7901 and 7901.1 expressly limit municipal authority over telephone lines, as defined by applicable state law, to the reasonable control of the time, place, and manner in which roads, highways, and waterways may be accessed.

2. Plaintiff also is likely to succeed on its claims that Defendants' actions are preempted by the constitution and laws of the State of California, specifically Cal. Const. art. XII, § 8 and Cal. Pub. Util. Code §§ 701 and 1001, in that once the California Public Utilities Commission, by the issuance of a Certificate of Public Convenience and Necessity ("CPCN") authorizing construction, has made the required determination as to the necessity of such construction, not only is a further conditional use permit ("CUP") or other zoning permit redundant, but also a municipality is prohibited from requiring one.

3. As a direct and proximate cause of the Defendant's unlawful actions, Plaintiff's goodwill and reputation have suffered. As a result, Plaintiff

has had difficulty securing financing and such harm qualifies as irreparable injury.

**PRELIMINARY INJUNCTION**

Based upon the above **FINDINGS**, the Court **HEREBY ORDERS** that:

1. Defendants are hereby **ENJOINED** from requiring NewPath to obtain conditional use or other zoning permits as a condition for obtaining any required construction permits for its Distributed Antenna System ("DAS") facilities.

2. Defendants are hereby further **ENJOINED** from using any moratorium process to unduly delay or discourage NewPath from constructing its DAS facilities.

3. Consistent with the terms of this **PRELIMINARY INJUNCTION,** Defendants are EJNOINED from applying any other procedures to NewPath than those it would to any other construction permit applicant as a matter of course.

**IT IS SO ORDERED.**

Dated: February 09, 2009

_____
**Honorable James V. Selna**
United States District Judge

# **CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 Oceangate, Suite 1400, Long Beach, CA 90802.

On February 4, 2009, I caused to be served the following document(s):

**ORDER OF PRELIMINARY INJUNCTION**

on the interested parties in this action as follows:

Jennifer Brown, Esq.
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, CA 92626-1931
jbrown@rutan.com

I served a true copy of the foregoing document by way of the Court's electronic filing/serving system, file and serve website. I declare under penalty pursuant to the laws of the United States that the above is true and correct.

Executed on February 4, 2009, at Long Beach, California

_____
Attorney for NewPath Networks, LLC
E-mail: rjystad@channellawgroup.com